**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **HBA Marketing, Inc.** | : | |
| **656 East Swedesford Road** | : | |
| **Wayne, Pennsylvania 19087,** | : | |
| | : | |
| **Plaintiff,** | : | |
| **v.** | : | |
| | : | **Civil Action No. 03-5995** |
| **Marine Coral Calcium** | : | |
| **1404 St. Louis Avenue** | : | |
| **Bay Shore, NY 11706,** | : | **ELECTRONICALLY FILED** |
| | : | |
| **Defendant.** | : | |
| | : | |

**ADDITIONAL COUNTERCLAIM DEFENDANTS TRIAD ML
MARKETING, INC., KING MEDIA, INC., ALLEN STERN AND
STEVEN RITCHEY'S PRAECIPE TO SUBSTITUTE A CORRECTED
ANSWER, AFFIRMATIVE DEFENSES AND CROSS-CLAIM TO
DEFENDANT'S FIRST AMENDED COUNTERCLAIM**

To the Clerk:

Kindly substitute the attached "Additional Counterclaim Defendants Triad ML

Marketing, Inc, King Media, Inc., Allen Stern and Steven Richey's Answer, Affirmative

Defenses and Cross-claims to the First Amended Counterclaim of Defendant Marine

Coral Calcium" for the September 20, 2004 electronic filing (Document No. 46 on the

Docket) entitled "Cross-claim Defendants Triad ML Marketing, Inc., King Media, Inc.,

Allen Stern and Steven Ritchey's Answer, Affirmative Defenses and Cross-claim to the

First Amended  Cross-claim of Marine Coral Calcium Inc."

The attached pleading only changes the designation of "Cross-claim Defendants"

to "Additional Counterclaim Defendants" and any reference to "Cross-claim(s)" to

"Counterclaim(s)", which enables the pleadings to properly designate all parties in conformance with the Federal Rules of Civil Procedure.

Respectfully submitted,

OF COUNSEL:

ELLIOTT GREENLEAF & SIEDZIKOWSKI, P.C.

/s/ Roger J. Harrington, Jr.
MARK A. KEARNEY
ERIC BRONSTEIN
ROGER J. HARRINGTON
Union Meeting Corporate Center V
925 Harvest Drive
Blue Bell, PA 19422
215-977-1000

DATED:  September 23, 2004

## CERTIFICATE OF SERVICE

I, Roger J. Harrington, Esquire, hereby certify that I caused a true and correct copy of the foregoing "Additional Counterclaim Defendants Triad ML Marketing, Inc, King Media, Inc., Allen Stern and Steven Richey's Praecipe to Substitute a Corrected Answer, Affirmative Defenses and Cross-claim to Defendant's First Amended Counterclaim" to be served by U.S. mail, first class, postage prepaid, upon the following:

Camille M. Miller, Esq.
Cozen & O'Connor, P.C.
1900 Market Street
Philadelphia, PA 19103

Kenneth W. Behrend, Esq.
Behrend & Ernsberger, P.C.
Union Bank Building
306 Fourth Ave., Ste 300
Pittsburgh, PA 15222

Christopher F. Robertson, Esq.
Seyfarth Shaw
Two Seaport Lane
Boston, MA 02210

Han Nguyen, Esq.
Schnader Harrison Segal & Lewis
1600 Market St., Ste. 3600
Philadelphia, PA 19103

/s/ Roger J. Harrington, Jr.
Roger J. Harrington, Jr.

DATED: September 23, 2004

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HBA Marketing, Inc.** : | |
| **656 East Swedesford Road** : | |
| **Wayne, Pennsylvania 19087,** : | |
| : | |
| **Plaintiff,** : | |
| **v.** : | |
| : | **Civil Action No. 03-5995** |
| **Marine Coral Calcium** : | |
| **1404 St. Louis Avenue** : | |
| **Bay Shore, NY 11706,** : | **ELECTRONICALLY FILED** |
| : | |
| **Defendant.** : | |
| : | |

### ADDITIONAL COUNTERCLAIM DEFENDANTS TRIAD ML MARKETING, INC., KING MEDIA, INC., ALLEN STERN AND STEVEN RITCHEY'S ANSWER, AFFIRMATIVE DEFENSES AND CROSS-CLAIM TO THE FIRST AMENDED <u>COUNTERCLAIM OF MARINE CORAL CALCUIM INC.</u>

Additional Counterclaim Defendants Triad ML Marketing, Inc. ("Triad"), King Media, Inc. ("King Media"), Allen Stern ("Stern") and Steve Ritchey (Ritchey") (collectively, "Answering Additional Counterclaim Defendants"), by and through their undersigned counsel, hereby submit the following Answer, Affirmative Defenses and Cross-claim to Marine Coral Calcium, Inc.'s First Amended Counterclaim. Answering Additional Counterclaim Defendants hereby reserve the right to add additional affirmative defenses, as well as, to assert new and additional claims against Marine Coral Calcium, Inc. after discovery ensues in the above captioned matter, now consolidated with the matter docketed at 03-6047 also within this Court's jurisdiction.

1.    Denied.  This Paragraph does not make any allegations against the Answering Additional Counterclaim Defendants to which a response is required.  Strict Proof is demanded at trial.  Further to the extent that this paragraph contains legal

conclusions, no response is required.

      2.      Admitted in part; denied in part. It is admitted only that Marine Coral Calcium has alleged Counterclaims against HBA and Counterclaims against Triad, King Media, Stern and Ritchey in the above captioned matter. The remainder of the averment, and anything not specifically admitted, is denied with strict proof demanded at trial. This Paragraph makes allegations against parties other than the Answering Additional Counterclaim Defendants to which no response is required. Further, to the extent that this paragraph contains legal conclusions, no response is required. By way of further response, it is denied that a Stern-Barrett partnership or joint venture has ever existed.

      3.      Denied. By way of further response, it is denied that a Stern-Barrett partnership or joint venture has ever existed.

      4.      Admitted in part; denied in part. It is admitted only that upon information and belief Marine Coral Calcium is a duly organized corporation and that jurisdiction is proper in this district. The remainder of the averment, and anything not specifically admitted, is denied with strict proof demanded at trial. By way of further response, it is denied that a Stern-Barrett partnership or joint venture has ever existed.

      5.      Admitted in part; denied in part. It is admitted only that Stern is a resident of the Commonwealth of Pennsylvania and that he is an officer or shareholder in HBA, Triad and King Media. The remainder of the averment, and anything not specifically admitted, is denied with strict proof demanded at trial. By way of further response, it is denied that a Stern-Barrett partnership or joint venture has ever existed.

      6.      Admitted in part; denied in part. It is admitted only that Ritchey is a resident of the Commonwealth of Pennsylvania and an officer or shareholder in HBA,

Triad and King Media.  The remainder of the averment, and anything not specifically admitted, is denied with strict proof demanded at trial. By way of further response, it is denied that a Stern-Barrett partnership or joint venture has ever existed.

7.    Denied.  This Paragraph does not make any allegations against the Answering Additional Counterclaim Defendants to which a response is required.  Strict Proof is demanded at trial.  Further to the extent that this paragraph contains legal conclusions, no response is required.  By way of further response, it is denied that a Stern-Barrett partnership or joint venture has ever existed or that Barrett owns any interest in Triad or HBA.

8.    Admitted in part; denied in part.  It is admitted only that HBA is a duly organized Delaware corporation with a principal place of business in Pennsylvania, as well as, that jurisdiction is proper in this district. The remainder of the averment, and anything not specifically admitted, is denied with strict proof demanded at trial. By way of further response, it is denied that a Stern-Barrett partnership or joint venture has ever existed.

9.    Admitted in part; denied in part.  It is admitted only that Triad is a duly organized Pennsylvania corporation with a principal place of business in Pennsylvania, as well as, that jurisdiction is proper in this district.  The remainder of the averment, and anything not specifically admitted, is denied with strict proof demanded at trial. By way of further response, it is denied that a Stern-Barrett partnership or joint venture has ever existed.

10.    Admitted in part; denied in part.  It is admitted only that King Media is a duly organized Pennsylvania corporation with a place of business in Pennsylvania, as

well as, that jurisdiction is proper in this district. The remainder of the averment, and anything not specifically admitted, is denied with strict proof demanded at trial. By way of further response, it is denied that a Stern-Barrett partnership or joint venture has ever existed.

11.    Denied.   This Paragraph does not make any allegations against the Answering Additional Counterclaim Defendants to which a response is required.   Strict Proof is demanded at trial.   Further to the extent that this paragraph contains legal conclusions, no response is required.   By way of further response, it is denied that a Stern-Barrett partnership or joint venture has ever existed.

12.    Denied.   This Paragraph does not make any allegations against the Answering Additional Counterclaim Defendants to which a response is required.   Strict Proof is demanded at trial.   Further to the extent that this paragraph contains legal conclusions, no response is required.   By way of further response, it is denied that a Stern-Barrett partnership or joint venture has ever existed.

13.    Admitted in part; denied in part.   It is admitted only that jurisdiction is proper in this district.   The remainder of the averment, and anything not specifically admitted, is denied with strict proof demanded at trial. By way of further response, it is denied that a Stern-Barrett partnership or joint venture has ever existed.

14.    Admitted in part; denied in part.   It is admitted only that jurisdiction is proper in this district.   The remainder of the averment, and anything not specifically admitted, is denied with strict proof demanded at trial. By way of further response, it is denied that a Stern-Barrett partnership or joint venture has ever existed.

15.    Admitted in part; denied in part.   It is admitted only that jurisdiction is

proper in this district.  The remainder of the averment, and anything not specifically admitted, is denied with strict proof demanded at trial.  This Paragraph makes allegations against parties other than the Answering Additional Counterclaim Defendants to which no response is required.  Further, to the extent that this paragraph contains legal conclusions, no response is required. The referenced and attached document is a writing and all characterizations or mischaracterizations thereof are denied.  By way of further response, it is denied that a Stern-Barrett partnership or joint venture has ever existed.

16.    Admitted in part; denied in part.  It is admitted only that venue is proper in this Court.  The remainder of the averment, and anything not specifically admitted, is denied with strict proof demanded at trial. By way of further response, it is denied that a Stern-Barrett partnership or joint venture has ever existed.

## ALLEGED ADDITIONAL COUNTERCLAIMFACTS

17.    Denied.  By way of further response, it is denied that a Stern-Barrett partnership or joint venture has ever existed.

18.    Denied. This Paragraph does not make any allegations against the Answering Additional Counterclaim Defendants to which a response is required.  Strict Proof is demanded at trial.  Further to the extent that this paragraph contains legal conclusions, no response is required.  By way of further response, it is denied that a Stern-Barrett partnership or joint venture has ever existed.

19.    Admitted in part; denied in part.  It is admitted only, upon information and belief, that DMC at one time entered into an agreement with King Media to purchase television air time. The remainder of the averment, and anything not specifically admitted, is denied with strict proof demanded at trial. By way of further response, it is

denied that a Stern-Barrett partnership or joint venture has ever existed.

20.    Admitted in part; denied in part.  It is admitted only, upon information and belief, that Triad at one time entered into an agreement with DMC, whereby Triad performed vendor services. The remainder of the averment, and anything not specifically admitted, is denied with strict proof demanded at trial. By way of further response, it is denied that a Stern-Barrett partnership or joint venture has ever existed.

21.    Denied. This Paragraph does not make any allegations against the Answering Additional Counterclaim Defendants to which a response is required.  Strict Proof is demanded at trial.  Further to the extent that this paragraph contains legal conclusions, no response is required.  By way of further response, it is denied that a Stern-Barrett partnership or joint venture has ever existed.

22.    Denied.  It is specifically denied that the named parties agreed to share the alleged expenses and income. This Paragraph also makes allegations that the Answering Additional Counterclaim Defendants have no obligation to respond to.  Moreover, because the allegation fails to enumerate whether it would concern sharing equally and/or whether income means net income or gross income, any obligation the answering parties would otherwise have had to respond is forgiven.  By way of further response, it is denied that a Stern-Barrett partnership or joint venture has ever existed.

23.    Denied. This Paragraph does not make any allegations against the Answering Additional Counterclaim Defendants to which a response is required.  Strict Proof is demanded at trial.  Further to the extent that this paragraph contains legal conclusions, no response is required.  By way of further response, it is denied that a Stern-Barrett partnership or joint venture has ever existed.

24.    Denied.  By way of further response, it is denied that a Stern-Barrett partnership or joint venture has ever existed.

25.    Denied.  Additionally, his Paragraph makes allegations against parties other than the Answering Additional Counterclaim Defendants to which no response is required.  By way of further response, it is denied that a Stern-Barrett partnership or joint venture has ever existed.

26.    Denied.  The referenced and attached document is a writing and all characterizations or mischaracterizations thereof are denied.  By way of further response, it is denied that a Stern-Barrett partnership or joint venture has ever existed.  Moreover, Answering Additional Counterclaim Defendant reserves all rights found to exist from any document in this matter determined to be an offer and/or compromise.

27.    Denied.  By way of further response, it is denied that a Stern-Barrett partnership or joint venture has ever existed.

28.    Admitted in part; denied in part.  It is admitted only, upon information and belief, that Robert Browne is an officer and shareholder in Marine Coral Calcium, Inc. The remainder of the averment, and anything not specifically admitted, is denied with strict proof demanded at trial. By way of further response, it is denied both that a Stern-Barrett partnership or joint venture has ever existed or that Robert Browne ever had dealing with such alleged partnership.

29.    Denied.  By way of further response, it is denied that a Stern-Barrett partnership or joint venture has ever existed.

30.    Denied.  Additionally, the referenced and attached document is a writing and all characterization and intentional mischaracterizations thereof are denied.  By way

of further response, it is denied that a Stern-Barrett partnership or joint venture has ever existed.

31.    Denied.   By way of further response, it is denied that a Stern-Barrett partnership or joint venture has ever existed.

32.    Denied.   By way of further response, it is denied that a Stern-Barrett partnership or joint venture has ever existed.

33.    Denied.   By way of further response, it is denied that a Stern-Barrett partnership or joint venture has ever existed.

34.    Denied.   By way of further response, it is denied that a Stern-Barrett partnership or joint venture has ever existed.

35.    Denied.   By way of further response, it is denied that a Stern-Barrett partnership or joint venture has ever existed.   Moreover, the referenced and attached document is writing and all characterization and intentional mischaracterizations thereof are denied.

36.    The referenced and attached document is a writing and all characterizations and intentional mischaracterizations thereof are denied.   By way of further response, it is denied that a Stern-Barrett partnership or joint venture has ever existed.

37.    Admitted in part; denied in part.  It is admitted only that Triad and King Media filed a lawsuit in the United States District Court for the Eastern District of Pennsylvania at Civil Action Number 03-4321 on or about July 24, 2003 naming Direct Marketing Concepts as a Defendant, which is a matter of public record.  The remainder of the averment, and anything not specifically admitted, is denied with strict proof

demanded at trial. By way of further response, it is denied that a Stern-Barrett partnership or joint venture has ever existed.

38.    Denied.  By way of further response, it is denied that a Stern-Barrett partnership or joint venture has ever existed.

39.    Denied.  By way of further response, it is denied that a Stern-Barrett partnership or joint venture has ever existed.

## **FIRST COUNT**

40.    Denied.  This Paragraph does not make any allegations against the Answering Additional Counterclaim Defendants to which a response is required.  Strict Proof is demanded at trial.  Further to the extent that this paragraph contains legal conclusions, no response is required.

41.    Denied. The referenced and attached agreement is a document and a writing that speaks for itself and all characterizations and intentional mischaracterizations thereof are denied.  By way of further response, it is denied that a Stern-Barrett partnership or joint venture has ever existed.

42.    Denied.  The averment fails to identify what "contracts" it refers to, the applicable time period thereof, or any other manner for Answering Additional Counterclaim Defendants to ascertain that information; accordingly, Answering Parties are without knowledge or information sufficient to form a belief as to the truth of the averment and the same is deemed denied with strict proof at the time of trial.  By way of further response, it is denied that a Stern-Barrett partnership or joint venture has ever existed.

43.    Denied.  By way of further response, it is denied that a Stern-Barrett

partnership or joint venture has ever existed.

44.     Denied.   This Paragraph does not make any allegations against the Answering Additional Counterclaim Defendants to which a response is required.   Strict Proof is demanded at trial.   Moreover, the averment also fails to identify what "certain of these retail establishments" refers to, other than WalMart which, upon information and belief desired a discounted price structure, or any other manner for Answering party to ascertain that information; accordingly, Answering Parties would also be without knowledge or information sufficient to form a belief as to the truth of the averment and the same is deemed denied with strict proof at the time of trial.

45.     Denied.   By way of further response, it is denied that a Stern-Barrett partnership or joint venture has ever existed.

46.     Denied.   The referenced and attached agreement is a document and a writing that speaks for itself and all characterizations or mischaracterizations thereof are denied with strict proof demanded at the time of trial.   Moreover, the averment refers to but still fails to identify "certain of these retail establishments" from paragraph 44 that allegedly received an alleged changed purchase price; accordingly, Answering Parties would also be without knowledge or information sufficient to form a belief as to the truth of the averment and the same is deemed denied with strict proof at the time of trial.

47.     Denied.   Answering Parties are also without knowledge or information sufficient to form a belief as to the truth of the averment alleging payment of $5.88 from an unidentified source and/or permission about Marine Coral Calcium deducting unidentified "expenses" and the same is deemed denied with strict proof at the time of trial. By way of further response, it is denied that a Stern-Barrett partnership or joint

venture has ever existed.

48. Denied.  Any averment about Stern acting in an individual capacity is denied. By way of further response, it is denied that a Stern-Barrett partnership or joint venture has ever existed.

49.     Denied.   This Paragraph does not make any allegations against the Answering Additional Counterclaim Defendants to which a response is required.  Strict Proof is demanded at trial.  Further to the extent that this paragraph contains legal conclusions, no response is required.  By way of further response, it is denied that a Stern-Barrett partnership or joint venture has ever existed.

50.     Denied.   Additionally, the referenced and attached agreement is a document and a writing that speaks for itself and all characterizations and intentional mischaracterizations thereof are denied.  Answering Parties would also be without knowledge or information sufficient to form a belief as to the truth of the averment about unidentified certain "expenses" and the same is deemed denied with strict proof at the time of trial.  By way of further response, it is denied that a Stern-Barrett partnership or joint venture has ever existed.

51.     Admitted in part; denied in part.  It is admitted only that Marine Coral Calcium may have ordered product from HBA.    The remainder of the averment, and anything not specifically admitted, is denied with strict proof demanded at trial.  By way of further response, it is denied that a Stern-Barrett partnership or joint venture has ever existed.

52.     Admitted in part; denied in part.  It is admitted only that HBA may have ordered MXM Essential Formulas, Inc. to have Coral Calcium Daily manufactured.  The

remainder of the averment, and anything not specifically admitted, is denied with strict proof demanded at trial.  By way of further response, it is denied that a Stern-Barrett partnership or joint venture has ever existed.

53.     Admitted in part; denied in part. It is admitted only, upon information and belief, that Marine Coral Calcium may have transferred information to MXM Essential regarding the fulfillment of orders. The remainder of the averment, and anything not specifically admitted, is denied with strict proof demanded at trial.  By way of further response, it is denied that a Stern-Barrett partnership or joint venture has ever existed.

54.     Denied.  By way of further response, it is denied that a Stern-Barrett partnership or joint venture has ever existed.

55.     Denied.  This Paragraph makes allegations against parties other than the Answering Additional Counterclaim Defendants to which no response is required. Further, to the extent that this paragraph contains legal conclusions, no response is required.  Answering Parties are without knowledge or information sufficient to form a belief as to the truth of a vague averment alleging undetermined "monies" owing to unidentified "third parties" for unidentified "coral calcium products" and the averment is deemed denied with strict proof at the time of trial. Any averment about Stern and/or Ritchey acting in an individual capacity is denied. By way of further response, it is denied that a Stern-Barrett partnership or joint venture has ever existed.

56.     Denied.  The referenced agreement is an alleged document (Exhibit "B"), which as a writing would speaks for itself and all characterizations or mischaracterizations thereof are denied with strict proof demanded at the time of trial. Moreover, this Paragraph makes allegations against parties other than the Answering

Additional Counterclaim Defendants to which no response is required.    Further, Answering Parties are without knowledge or information sufficient to form a belief as to the truth of a vague averment concerning unidentified "manufacturers," unspecified "delayed shipments" and unidentified "retail outlets" and the averment is deemed denied with strict proof at the time of trial.   Any averments about Stern acting in an individual capacity is denied. By way of further response, it is denied that a Stern-Barrett partnership or joint venture has ever existed.

57.    Denied.    While Triad directed Marine Coral Calcium to make certain specific payments to third parties, no authorized payment has been repudiated and the allegations of paragraph 57 are denied.  The referenced agreement is an alleged document (Exhibit "B"), which as a writing would speaks for itself and all characterizations or mischaracterizations thereof are denied with strict proof demanded at the time of trial. Moreover, this Paragraph makes allegations against parties other than the Answering Additional Counterclaim Defendants to which no response is required.   Any averment about Stern and/or Ritchey acting in an individual capacity is denied. By way of further response, it is denied that a Stern-Barrett partnership or joint venture has ever existed.

58.    Denied.  The referenced agreement is an alleged document (Exhibit "D"), which as a writing would speaks for itself and all characterizations or mischaracterizations thereof are denied with strict proof demanded at the time of trial. Moreover, this Paragraph makes allegations against parties other than the Answering Additional Counterclaim Defendants to which no response is required.   Any averment about Stern and/or Ritchey acting in an individual capacity is denied. By way of further response, it is denied that a Stern-Barrett partnership or joint venture has ever existed.

59.    Denied.  Any averment about Stern and/or Ritchey acting in an individual capacity is denied.  By way of further response, it is denied that a Stern-Barrett partnership or joint venture has ever existed.

60.    Denied.  While Triad directed Marine Coral Calcium to make certain specific payments to third parties, no authorized payment has been repudiated and the allegations of paragraph 60 are denied. The referenced agreement is an alleged document (Exhibit "B" and "D"), which as a writing would speaks for itself and all characterizations or mischaracterizations thereof are denied with strict proof demanded at the time of trial.  Moreover, this Paragraph makes allegations against parties other than the Answering Additional Counterclaim Defendants to which no response is required. Any averment about Stern and/or Ritchey acting in an individual capacity is denied. By way of further response, it is denied that a Stern-Barrett partnership or joint venture has ever existed.

61.    Denied.  While Triad directed Marine Coral Calcium to make certain specific payments to third parties, no authorized payment has been repudiated and the allegations of paragraph 61 are denied.  Moreover, this Paragraph makes allegations against parties other than the Answering Additional Counterclaim Defendants to which no response is required.  Any averment about Stern and/or Ritchey acting in an individual capacity is denied. By way of further response, it is denied that a Stern-Barrett partnership or joint venture has ever existed.

62.    Denied.  Further to the extent that this paragraph contains legal conclusions, no response is required.  By way of further response, it is denied that a Stern-Barrett partnership or joint venture has ever existed.

63.     Denied.    Further to the extent that this paragraph contains legal conclusions, no response is required.   By way of further response, it is denied that a Stern-Barrett partnership or joint venture has ever existed.

WHEREFORE, Additional Counterclaim Defendants Triad, King Media, Allen Stern and Steven Ritchey pray that the Count I of the Counterclaim be dismissed with prejudice, that the relief sought therein be denied, and that judgment be entered in favor of Additional Counterclaim Defendants Triad, King Media, Allen Stern and Steven Ritchey.

## COUNT II

64.     Denied.   This Paragraph does not make any allegations against the Answering Additional Counterclaim Defendants to which a response is required.   Strict Proof is demanded at trial.   Further to the extent that this paragraph contains legal conclusions, no response is required.

65.     Denied.   By way of further response, it is denied that a Stern-Barrett partnership or joint venture has ever existed.

66.     Denied.  The referenced agreement is an alleged document (Exhibit "B"), which as a writing would speaks for itself and all characterizations or mischaracterizations thereof are denied with strict proof demanded at the time of trial. By way of further response, it is denied that a Stern-Barrett partnership or joint venture has existed.

67.     Denied.  The referenced agreement is an alleged document (Exhibit "B"), which as a writing would speaks for itself and all characterizations or mischaracterizations thereof are denied with strict proof demanded at the time of trial.

Answering Parties would also be without knowledge or information sufficient to form a belief as to the truth of the averment about Marine Coral Calcium deducting unidentified "expenses" and the same is deemed denied with strict proof at the time of trial. By way of further response, it is denied that a Stern-Barrett partnership or joint venture has ever existed.

68.    Denied.  The referenced agreement is an alleged document (Exhibit "B"), which as a writing would speaks for itself and all characterizations or mischaracterizations thereof are denied with strict proof demanded at the time of trial. Moreover, this Paragraph makes allegations against parties other than the Answering Additional Counterclaim Defendants to which no response is required.    Further, Answering Parties are without knowledge or information sufficient to form a belief as to the truth of any averment concerning unidentified "manufacturers," unspecified "delayed shipments" and unidentified "retail outlets" and the averment is deemed denied with strict proof at the time of trial.  Any averment about Stern acting in an individual capacity is denied. By way of further response, it is denied that a Stern-Barrett partnership or joint venture has ever existed.

69.    Denied.   While Triad directed Marine Coral Calcium to make certain specific payments to third parties, no authorized payment has been repudiated and the allegations of paragraph 69 are denied.  The referenced agreement is an alleged document (Exhibit "B"), which as a writing would speaks for itself and all characterizations or mischaracterizations thereof are denied with strict proof demanded at the time of trial. Moreover, this Paragraph makes allegations against parties other than the Answering Additional Counterclaim Defendants to which no response is required.  Any averment

about Stern and/or Ritchey acting in an individual capacity is denied. By way of further response, it is denied that a Stern-Barrett partnership or joint venture has ever existed.

70.    Denied.  Any averment about Stern and/or Ritchey acting in an individual capacity is denied. By way of further response, it is denied that a Stern-Barrett partnership or joint venture has ever existed.

71.    Denied.  While Triad directed Marine Coral Calcium to make certain specific payments to third parties, no authorized payment has been repudiated and the allegations of paragraph 71 are denied.  The referenced agreement is an alleged document (Exhibit "B"), which as a writing would speaks for itself and all characterizations or mischaracterizations thereof are denied with strict proof demanded at the time of trial. Moreover, this Paragraph makes allegations against parties other than the Answering Additional Counterclaim Defendants to which no response is required.  Any averment about Stern and/or Ritchey acting in an individual capacity is denied.  By way of further response, it is denied that a Stern-Barrett partnership or joint venture has ever existed.

72.    Denied.  While Triad directed Marine Coral Calcium to make certain specific payments to third parties, no authorized payment has been repudiated and the allegations of paragraph 72 are denied.  Moreover, this Paragraph makes allegations against parties other than the Answering Additional Counterclaim Defendants to which no response is required.  Any averment about Stern and/or Ritchey acting in an individual capacity is denied. By way of further response, it is denied that a Stern-Barrett partnership or joint venture has ever existed.

73.    Denied.  Further to the extent that this paragraph contains legal conclusions, no response is required.  By way of further response, it is denied that a

Stern-Barrett partnership or joint venture has ever existed.

74.    Denied.    Further to the extent that this paragraph contains legal conclusions, no response is required.   By way of further response, it is denied that a Stern-Barrett partnership or joint venture has ever existed.

WHEREFORE, Additional Counterclaim Defendants Triad, King Media, Allen Stern and Steven Ritchey pray that the Count II of the Counterclaim be dismissed with prejudice, that the relief sought therein be denied, and that judgment be entered in favor of Additional Counterclaim Defendants Triad, King Media, Allen Stern and Steven Ritchey.

## COUNT III

75.    Denied.    This Paragraph does not make any allegations against the Answering Additional Counterclaim Defendants to which a response is required.   Strict Proof is demanded at trial.   Further to the extent that this paragraph contains legal conclusions, no response is required.

76.    Denied.    Answering further, any averment about Stern acting in an individual capacity is denied.   Further, to the extent that this paragraph contains legal conclusions, no response is required.   By way of further response, it is denied that a Stern-Barrett partnership or joint venture has ever existed.

77.    Denied.    Answering further, any averment about Stern acting in an individual capacity is denied.   Moreover, this Paragraph makes allegations against parties other than the Answering Additional Counterclaim Defendants to which no response is required.   By way of further response, it is denied that a Stern-Barrett partnership or joint venture has existed.

78.    Denied.    Answering further, any averment about Stern acting in an individual capacity is denied. Moreover, this Paragraph makes allegations against parties other than the Answering Additional Counterclaim Defendants to which no response is required.   By way of further response, it is denied that a Stern-Barrett partnership or joint venture has ever existed.

79.    Denied.    Answering further, any averment about Stern acting in an individual capacity is denied.  Moreover, this Paragraph makes allegations against parties other than the Answering Additional Counterclaim Defendants to which no response is required.  By way of further response, it is denied that a Stern-Barrett partnership or joint venture has ever existed.  Moreover, the referenced agreement is an alleged document (Exhibit "B"), which as a writing would speak for itself and all characterizations or mischaracterizations thereof are denied with strict proof demanded at the time of trial.

80.    Denied.    Answering further, any averment about Stern acting in an individual capacity is denied.  Moreover, this Paragraph makes allegations against parties other than the Answering Additional Counterclaim Defendants to which no response is required.  By way of further response, it is denied that a Stern-Barrett partnership or joint venture has ever existed.

81.    Denied.    Answering further, any averment about Stern acting in an individual capacity is denied.  Moreover, this Paragraph makes allegations against parties other than the Answering Additional Counterclaim Defendants to which no response is required.  By way of further response, it is denied that a Stern-Barrett partnership or joint venture has ever existed.

82.    Denied.    Answering further, any averment about Stern acting in an

individual capacity is denied.  Moreover, this Paragraph makes allegations against parties other than the Answering Additional Counterclaim Defendants to which no response is required.  By way of further response, it is denied that a Stern-Barrett partnership or joint venture has ever existed.

83.    Denied.  Answering further, any averment about Stern acting in an individual capacity is denied.  Moreover, this Paragraph makes allegations against parties other than the Answering Additional Counterclaim Defendants to which no response is required.  By way of further response, it is denied that a Stern-Barrett partnership or joint venture has ever existed.

84.    Denied.  Answering further, any averment about Stern or Ritchey acting in an individual capacity is denied.  Moreover, this Paragraph makes allegations against parties other than the Answering Additional Counterclaim Defendants to which no response is required.  By way of further response, it is denied that a Stern-Barrett partnership or joint venture has ever existed.

85.    Denied.  Answering further, any averment about Stern acting in an individual capacity is denied.  Moreover, this Paragraph makes allegations against parties other than the Answering Additional Counterclaim Defendants to which no response is required.  Further, to the extent that this paragraph contains legal conclusions, no response is required. By way of further response, it is denied that a Stern-Barrett partnership or joint venture has ever existed.

86.    Denied.  Answering further, any averment about Stern acting in an individual capacity is denied.  Further, to the extent that this paragraph contains legal conclusions, no response is required. By way of further response, it is denied that a Stern-

Barrett partnership or joint venture has ever existed.

87.    Denied.    Moreover, this Paragraph makes allegations against parties other than the Answering Additional Counterclaim Defendants to which no response is required.  By way of further response, it is denied that a Stern-Barrett partnership or joint venture has ever existed.

88.    Denied.    Answering further, any averment about Stern acting in an individual capacity is denied.  Moreover, this Paragraph makes allegations against parties other than the Answering Additional Counterclaim Defendants to which no response is required.    Further, to the extent that this paragraph contains legal conclusions, no response is required. By way of further response, it is denied that a Stern-Barrett partnership or joint venture has ever existed.

89.    Denied.    Answering further, any averment about Stern acting in an individual capacity is denied.  Moreover, this Paragraph makes allegations against parties other than the Answering Additional Counterclaim Defendants to which no response is required.    Further, to the extent that this paragraph contains legal conclusions, no response is required. By way of further response, it is denied that a Stern-Barrett partnership or joint venture has ever existed.

90.    Denied.    Answering further, any averment about Stern acting in an individual capacity is denied.  Moreover, this Paragraph makes allegations against parties other than the Answering Additional Counterclaim Defendants to which no response is required.    Further, to the extent that this paragraph contains legal conclusions, no response is required. By way of further response, it is denied that a Stern-Barrett partnership or joint venture has ever existed.

WHEREFORE, Additional Counterclaim Defendants Triad, King Media, Allen Stern and Steven Ritchey pray that the Count III of the Counterclaim be dismissed with prejudice, that the relief sought therein be denied, and that judgment be entered in favor of Additional Counterclaim Defendants Triad, King Media, Allen Stern and Steven Ritchey .

## COUNT IV

91.    Denied.  This Paragraph does not make any allegations against the Answering Additional Counterclaim Defendants to which a response is required.  Strict Proof is demanded at trial.  Further, to the extent that this paragraph contains legal conclusions, no response is required.

92.    Denied.  Moreover, this Paragraph makes allegations against parties other than the Answering Additional Counterclaim Defendants to which no response is required.  By way of further response, it is denied that a Stern-Barrett partnership or joint venture has ever existed.

93.     Denied.  Answering further, any averment about Stern or Ritchey acting in an individual capacity is denied.  By way of further response, it is denied that a Stern-Barrett partnership or joint venture has ever existed.

94.    Denied.  Answering further, any averment about Stern or Ritchey acting in an individual capacity is denied.  By way of further response, it is denied that a Stern-Barrett partnership or joint venture has ever existed.

95.    Denied.  Answering further, any averment about Ritchey acting in an individual capacity is denied.  By way of further response, it is denied that a Stern-Barrett partnership or joint venture has ever existed.

96.     Denied.    Further, to the extent that this paragraph contains legal conclusions, no response is required.   Answering further, any averment about Stern or Ritchey acting in an individual capacity is denied.  By way of further response, it is denied that a Stern-Barrett partnership or joint venture has ever existed.

97.     Denied.    Further, to the extent that this paragraph contains legal conclusions, no response is required.   Answering further, any averment about Stern or Ritchey acting in an individual capacity is denied.  By way of further response, it is denied that a Stern-Barrett partnership or joint venture has ever existed.

WHEREFORE, Additional Counterclaim Defendants Triad, King Media, Allen Stern and Steven Ritchey and pray that Count IV of the Counterclaim be dismissed with prejudice, that the relief sought therein be denied, and that judgment be entered in favor of Additional Counterclaim Defendants Triad, King Media, Allen Stern and Steven Ritchey .

## PRAYER FOR RELIEF

WHEREFORE, Additional Counterclaim Defendants Triad, King Media, Allen Stern and Steven Ritchey pray that the Counterclaims be dismissed with prejudice, that the relief sought therein be denied, and that judgment be entered in favor of Additional Counterclaim Defendants Triad, King Media, HBA, Allen Stern and Steven Ritchey.

## AFFIRMATIVE DEFENSES TO COUNTERCLAIMS

1.     Additional Counterclaim Defendants Triad, King Media, Allen Stern and Steven Ritchey did not engage in fraudulent conduct.

2.     Additional Counterclaim Defendants Triad, King Media, Allen Stern and Steven

Ritchey did not have the intent necessary to rise to the level of a reckless or willful or outrageous act.

3.      Marine Coral Calcium has suffered no ascertainable loss of money or property.

4.      Marine Coral Calcium did not rely or justifiably rely on any representation by Additional Counterclaim Defendants Triad, King Media, Allen Stern or Steven Ritchey.

5.      Marine Coral Calcium fails to state any claims upon which relief can be granted.

6.      Marine Coral Calcium has no standing to bring this action.

7.      A partnership or joint venture between Allen Stern and Donald Barrett has never existed.

8.      The Counterclaims are barred by the applicable statute of limitations.

9.      Additional Counterclaim Defendants Allen Stern and/or Steven Ritchey did not engage in any conduct entitling Marine Coral Calcium to individual liability.

10.     There is no basis to pierce the corporate veil of any of the Answering Additional Counterclaim Defendants.

11.     Additional Counterclaim Defendants Triad, King Media, Allen Stern or Steven Ritchey did not breach any duty owed to Marine Coral Calcium.

12.     Marine Coral Calcium's claims are barred by waiver, estoppel, and laches.

13.      Marine Coral Calcium's claims are barred, in whole or in part, because Marine Coral Calcium's alleged injuries and/or losses resulted from acts, occurrences and conditions other than Answering Cross-claims Defendants' actions or inactions.

14.     Marine Coral Calcium's claims are barred, in whole or in part, because, in any dealings with Answering Additional Counterclaim Defendants, Answering Additional Counterclaim Defendants acted in good faith and without any malice or intent to injure or

harm Marine Coral Calcium's in any way.

15.     Marine Coral Calcium's claims are barred by the doctrine of unclean hands.

16.     Marine Coral Calcium's claims are barred and/or waived by the doctrine of consent or knowledge and implied consent.

17.     Marine Coral Calcium's claims are barred and/or waived by the failure to mitigate.

18.     Marine Coral Calcium's claims are barred and/or waived by the doctrine of a satisfaction and/or partial satisfaction.

19.     Additional Counterclaim Defendants Triad, King Media, Allen Stern or Steven Ritchey did not engage in a civil conspiracy.

20.     The product produced by Marine Coral Calcium did not meet the specifications in various aspects.

21.     Additional Counterclaim Defendants Triad, King Media, Allen Stern or Steven Ritchey reserve the right to assert additional affirmative defenses and claims against Marine Coral Calcium as discovery warrants.


## JURY TRIAL DEMANDED

Answering Additional Counterclaim Defendants hereby demand trial by jury on all claims properly tried by jury.


## PRAYER FOR RELIEF

WHEREFORE, Additional Counterclaim Defendants Triad, King Media, Allen Stern and Steven Ritchey pray that the Counterclaims be dismissed with prejudice, that the relief sought therein be denied, and that judgment be entered in favor Additional Counterclaim Defendants Triad, King Media, Allen Stern and

Steven Ritchey.


## CROSS-CLAIM


## COUNT I-INDEMNITY
### (Triad, King Media, Allen Stern and Steven Ritchey v. Direct Marketing Concepts, Inc., Direct Fulfillment, LLC, Donald Barrett)

22.    Triad, King Media, Allen Stern and Steven Ritchey incorporate all answers and averments as though fully set forth herein.

23.    Triad, King Media, Allen Stern and Steven Ritchey are entitled to full and complete indemnification for damages and judgments, including fees and costs, incurred as a result of this lawsuit from Direct Marketing Concepts, Inc., Direct Fulfillment, LLC and Donald Barrett, jointly and severally.

WHEREFORE, Answering Additional Counterclaim Defendants demand indemnification form Direct Marketing Concepts, Inc., Direct Fulfillment, LLC and Donald Barrett, jointly and severally, in an amount in excess of $75,000 in compensatory damages, together with costs and other relief as this Court deems just and proper; and (b) trial by jury.


## COUNT II-CONTRIBUTION
### (Triad, King Media, Allen Stern and Steven Ritchey v. Direct Marketing Concepts, Inc., Direct Fulfillment, LLC, Donald Barrett)

24.    Triad, King Media, Allen Stern and Steven Ritchey incorporates all answers and averments as though fully set forth herein.

25.    Defendant's Counterclaims for damages allow Triad, King Media, Allen Stern and Steven Ritchey to seek contribution from Direct Marketing Concepts, Inc., Direct Fulfillment, LLC and Donald Barrett, jointly and severally, for their intervening and superseding role in the causation of any damage to Marine Coral Calcium.

26.    Triad, King Media, Allen Stern and Steven Ritchey are entitled to

contribution from Direct Marketing Concepts, Inc., Direct Fulfillment, LLC and Donald Barrett, jointly and severally, for any and all damages found against him as a result of Marine Coral Calcium Proofs.

WHEREFORE, Triad, King Media, Allen Stern and Steven Ritchey demand contribution from Direct Marketing Concepts, Inc., Direct Fulfillment, LLC and Donald Barrett, jointly and severally, in an amount in excess of $75,000 in compensatory damages, together with costs and other relief as this Court deems just and proper; and (b) trial by jury.

Respectfully submitted,

OF COUNSEL:

ELLIOTT GREENLEAF & SIEDZIKOWSKI, P.C.

/s/ Roger J. Harrington, Jr.
ERIC BRONSTEIN
ROGER J. HARRINGTON
Union Meeting Corporate Center V
925 Harvest Drive
Blue Bell, PA 19422
215-977-1000

DATED:  September 23, 2004